UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LAURA LEE WILLS EDWARDS, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:14-cv-1820 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| METROPOLITAN LIFE INSURANCE CO., ) | |
| ) | |
| Defendant. ) | |

| |
|---|
| METROPOLITAN LIFE INSURANCE CO., ) |
| ) |
| Counter-Claim and Third Party |
| Interpleader Plaintiff, ) |
| ) |
| v. ) |
| ) |
| LAURA LEE WILLS EDWARDS, CAROLYN ) |
| IVORY, and MIRIAM BROWN, ) |
| ) |
| Counter-Claim and Third Party ) |
| Interpleader Defendants. ) |

## MEMORANDUM & ORDER

Pending before the court is a Motion for Summary Judgment (Docket No. 26) filed by the plaintiff, Laura Lee Will Edwards. The remaining parties to the action,[1] Third Party Interpleader Defendants Carolyn Ivory and Miriam Brown, have not opposed the motion. For the reasons discussed herein, the plaintiff's motion will be granted.

### BACKGROUND

**I.  Plaintiff's Statement of Undisputed Facts**

---

[1] Defendant Metropolitan Life Insurance Co. ("MetLife") was dismissed from the action on January 23, 2015. (Docket No. 25.)

In support of the pending motion, the plaintiff has filed a Statement of Undisputed Facts ("PSUF") in conformity with the federal and local rules (Docket No. 27). Pursuant to Local Rule 56.01, because the other parties have failed to respond to the PSUF, the court considers the plaintiff's asserted facts to be undisputed for purposes of her summary judgment motion.

## II. Relevant Facts

The plaintiff is the natural daughter of Harry Debernia Wills ("HW"). HW, who was born on September 24, 1950, retired from the General Electric Company as the owner of a life insurance policy that was administered by MetLife (the "Policy"). The Policy provides life insurance coverage in the amount of $43,062. An initial form designating beneficiaries for the Policy is dated January 21, 1995. It designates Evelyn Wills ("EW"), HW's wife, as the primary beneficiary ("Initial Beneficiary Form"). The Initial Beneficiary Form identifies the plaintiff, Ivory, and Brown (who are also daughters of HW) as contingent beneficiaries.

On May 11, 2009, EW executed a Power of Attorney that designated HW as her agent. On September 8, 2011, apparently while EW was still alive, HW executed a Change of Beneficiary Form ("Change Form"). The Change Form designates the plaintiff as the primary beneficiary of the Policy and identifies Rodney Moore, HW's stepson, as the contingent beneficiary. The Change Form requires two signatures for execution: (1) a signature from HW, the insured; and (2) a signature from HW's spouse. In both signature fields, HW signed his name and wrote the letters "POA" after his signature. MetLife accepted the Change Form on September 27, 2011.

At some point in time after the Change Form was executed, EW died, predeceasing HW. HW died on March 8, 2014. The plaintiff submits as an undisputed fact that HW signed the Change Form designating the plaintiff as his sole beneficiary voluntarily and intentionally. The

plaintiff further submits that, when HW signed the Change Form, he was of sound mind. It is further undisputed that HW was not declared incompetent at any time before his death.

### III. Procedural Background

On August 5, 2014, the plaintiff filed a complaint in the Chancery Court for Sumner County, Tennessee, seeking a declaratory judgment. (Docket No. 1, Ex. 1.) Specifically, the plaintiff requested that the court declare her the sole beneficiary of her father's life insurance policy. MetLife removed the case to this court on September 10, 2014. (Docket No. 1.)

On October 16, 2014, MetLife filed its Answer to the Complaint and a Third Party Complaint for Interpleader against Brown and Ivory, HW's other daughters. (Docket No. 7.) MetLife also filed a counterclaim against the plaintiff related to its interpleader claim. In its interpleader complaint, MetLife wrote that, because HW signed *both* the signature field for the insured (himself) and for his spouse (EW) on the Change Form using the letters "POA," MetLife is unable to determine whether the form was signed by HW or someone other than HW.

According to the interpleader complaint, on April 22, 2014, the plaintiff submitted a claim form to MetLife for HW's life insurance benefits under the Policy. MetLife alleged that, because of the confusion as to whether HW signed the Change Form personally, it contacted Brown, Ivory, and the plaintiff on July 28, 2014, advising them that their claims for benefits were adverse and suggesting that the parties reach a compromise among themselves. It appears that an agreement among the parties was not reached and, in August 2014, Ivory and Brown filed their respective claims to MetLife for benefits under the policies.

On December 2, 2014, Ivory and Brown filed an Answer to the Third Party Interpleader Complaint. (Docket No. 15.) In their Answer, Ivory and Brown admitted all of the allegations

3

of the Third Party Interpleader Complaint and requested that the court distribute the funds equally among the parties. (*Id.*)

On December 11, 2014, MetLife filed a motion requesting that the court permit MetLife to pay the disputed funds into the court and dismiss MetLife from the case with prejudice. (Docket No. 20.) Following an initial case management conference, the court granted MetLife's motion and dismissed MetLife from the action on January 23, 2015. (Docket No. 25.)

The plaintiff filed the pending motion on February 12, 2015. (Docket No. 26.) Despite requesting an extension of time to respond to the plaintiff's motion (Docket No. 30), Brown and Ivory failed to respond to the motion or to otherwise request an additional extension from the court.

## **ANALYSIS**

### I. **Unopposed Summary Judgment Standard**

The court may not grant summary judgment simply on the basis that the adverse party has failed to respond. The court must review the motion and determine whether the movant has carried its burden to establish the absence of a genuine issue as to every material fact. *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614 (6th Cir. 1998). Rule 56 requires the court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, the moving party bears the initial burden of identifying those parts of the record that demonstrate the absence of any genuine issue of material fact. *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). However, if the moving party seeks summary judgment on an issue for which it does not bear the burden of proof at trial, the moving

4

party may meet its burden by showing that there is an absence of evidence to support the non-moving party's case. *Id.* (citing *Celotex*, 477 U.S. at 325). "When the moving party has carried this burden, 'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Id.* (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The non-moving party also may not rest upon its mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial. *Id.*

At this stage, "'the judge's function is not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.'" *Moldowan*, 578 F.3d at 374 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "In evaluating the evidence, the court must draw all inferences in the light most favorable to the nonmoving party." *Moldowan*, 578 F.3d at 374 (citing *Matsushita*, 475 U.S. at 587). But "[t]he mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient," *Moldowan*, 578 F.3d at 374 (quoting *Anderson*, 477 U.S. at 252), and the non-movant's proof must be more than "merely colorable." *Anderson*, 477 U.S. at 249. An issue of fact is "genuine" only if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Moldowan*, 578 F.3d at 374 (citing *Matsushita*, 475 U.S. at 587).

## II. Analysis

The question before the court is simple: do the undisputed facts demonstrate that HW signed the Change Form himself and, therefore, that the primary designation of Laura Edwards as HW's sole beneficiary under the Policy is valid and enforceable? Upon review of the undisputed facts in the record, the court concludes that the answer is yes. The undisputed facts

establish that HW, without undue influence and in a competent mental state, executed the Change Form designating the plaintiff as his primary beneficiary.  It is further undisputed that the signature of HW is his own and that he did not execute a power of attorney identifying any person as his agent prior to signing the Change Form.  In short, based on the record, no question of fact for trial exists with respect to whether the Change Form is valid and enforceable.

For these reasons, the court concludes that the plaintiff is entitled to summary judgment with respect to her declaratory judgment claim.

## CONCLUSION

For the reasons discussed herein, the plaintiff's Motion for Summary Judgment is **GRANTED**.  It is further **ORDERED** that, in accordance with the court's findings, the Clerk will pay the proceeds held by the court to the plaintiff.  Entry of this Order shall constitute final judgment in this case.

It is so **ORDERED**.

Enter this 4th day of May 2015.

ALETA A. TRAUGER
United States District Judge